IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JUN 2 5 2010

J. T. NOBLIN, CLERK
BY_____ DEPUTY

DWAYNE FRANCOIS and JOSHUA
FRANCOIS, INDIVIDUALLY AND ON
BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES DECEASED FATHER,
ELROY CEDOTAL          **PLAINTIFFS**

CIVIL ACTION 4: 10CV114 HTW-LRA

**VERSUS**

PIKE COUNTY, A/K/A PIKE COUNTY SHERIFF'S   **DEFENDANTS**
OFFICE, A/K/A PIKE COUNTY JAIL
MARK SHEPHERD INDIVIDUALLY AND
IN HIS CAPACITY AS SHERIFF
OF THE PIKE COUNTY SHERIFF'S OFFICE,
SARGENT DENNY JOHNSON INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, AND
CLAUDIA TILLMAN INDIVIDUALLY AND IN
HER OFFICIAL CAPACITY

## COMPLAINT
### (Jury Trial Requested)

COMES NOW Plaintiffs, Dwayne Francois and Joshua Francois, Individually and on Behalf

of the wrongful death beneficiaries of deceased, Elroy Cedotal by and through their attorneys, and

file this, their Complaint, and in support thereof would set forth unto this Honorable Court as

follows:

## JURISDICTION AND VENUE

1.     This is an action at law to redress the deprivation under color of statute, custom or

usage of a right, privilege and immunity secured to Plaintiff, ELROY CEDOTAL, by the Eigth and

Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983,

42 U.S.C. § 1985(3), and arising under the laws of the State of Mississippi.  Damages are also sought

pursuant to 42 U.S.C. § 1988. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and § 1343. Plaintiff also invokes the pendant jurisdiction of this Court.

2.      Venue is proper in this Court under 42 U.S.C. § 1391(b) as a substantial part of the alleged incidents described herein were committed, at least in part, within the jurisdiction of the United States District Court for the Southern District of Mississippi, Eastern Division.

## PARTIES

3.      During all times mentioned in this Complaint, Plaintiff, Dwayne Francios, individually and on behalf of his deceased father, Elroy Cedotal, is a citizen of the United States residing in Ascension Parish, Louisiana.

4.      During all times mentioned in this Complaint, Plaintiff, Joshua Francois, individually and on behalf of his deceased father, Elroy Cedotal, is an adult resident citizen of Jones County, Mississippi.

5.      Defendant Pike County is a county in the State of Mississippi organized and existing under the laws of the State of Mississippi. Defendant Pike County consists of the Pike County Sheriff's Department a/k/a Pike County Jail (hereinafter referred to as "Defendant" or "the County"). This Defendant may be served with process by delivering a copy of the Summons and Complaint to the Chancery Clerk of Pike County, Doug Touchstone, at 175 South Cherry Street, Magnolia, MS 39652

6.      Defendant Pike County Sheriff's Office is a proper Defendant in this action, and may be served by delivering a copy of the Summons and Complaint to its agent, Deputy Vernon Washington, at 2109 Jesse Hall Road, Magnolia, MS 39652

7.      Defendant at all times relevant acted in his official and individual capacity as the

Sheriff of Pike County Sheriff's Department a/k/a Pike County Jail. Mr. Shepherd is a proper

Defendant in this action, and may be served by delivering a copy of the Summons and Complaint

to Mark Shepherd, Pike County Sheriff's Department, 2109 Jessie Hall Road, Magnolia, Mississippi

39652.

8.      Sargent Denny Johnson at all times relevant acted in his official and individual

capacity as an employee of the Pike County Sherriff's Department. Mr. Johnson may be served by

delivering a copy of the Summons and Complaint to his place of employment, Pike County Sherriff's

Department, 2109 Jessie Hall Road, Magnolia, Mississippi 39652.

9.      Claudia Tillman, at all times relevant acted in her official and individual capacity as

an employee of the Pike County Sherriff's Office. Ms. Tillman may be served by delivering a copy

of the Summons and Complaint to her place of employment, Pike County Sheriff's, 2109 Jessie Hall

Road, Magnolia, Mississippi 39652.

10.     Defendants, John Does A-Z and Jane Does A-Z, are potentially unknown employees

of the County who were also involved in the incidents that form the basis of this Complaint.

## SUMMARY OF THE CLAIMS AND FACTS

11.     On or about the 27th day of June 2007, Plaintiff, ELROY CEDOTAL, died in a cell

at the Pike County Jail after Pike County Sheriff Deputies and ignored Plaintiff's requests for

medical attention.

12.     Plaintiff was a known diabetic with known food allergies at the time of his

imprisonment in the Pike County Jail. His condition and food allergies were known by defendants.

13.     After repeated requests for food, Plaintiff was given food, of which he informed Pike

County Sheriff's Office Personnel he was allergic.

14.     After repeated requests for insulin, Plaintiff was never given his proper dose of the drug. Plaintiff repeatedly asked for his proper dose of insulin, Pike County Sheriff's Office Personnel and/or Sargent Denny Johnson and/or Claudia Tillman refused to give the proper dosage of insulin to Plaintiff.

15.     After hours of sweating and/or vomiting from his hypoglycemic condition, Plaintiff died in a holding cell in the Pike County Jail.  The officer's and/or other Pike County Sheriff's Office personnel's repeated indifference to Plaintiff's medical condition caused the physical injuries and eventual death sustained by plaintiffs and sued on herein.

16.     The aforementioned facts were witnessed by, Mario Robinson, and possibly others.

17.     The aforementioned refusal food and refusal to administer adequate medical treatment was caused by a custom, policy, or practice of Defendants Pike County Sherriff's Office and/or Pike County Jail, and/or Sheriff Mark Shepherd.

18.     As a direct and proximate result of the refusal food and refusal to administer adequate medical treatment to Mr. Cedotal by Defendants Mr. Cedotal experienced severe pain and suffering and eventual death.

20.     The aforementioned injuries caused Mr. Cedotal to suffer physically and mentally prior to his death.

21.     Mr. Cedotal has further suffered damages including, but not limited to, past expenses, physical pain and mental anguish and wrongful death.

22.     At all times pertinent, Defendants Johnson and Tillman and any other County personnel involved, otherwise named herein as Defendants, John Does A-Z and/or Jane Does A-Z, were acting officially on behalf of the County within their official scope and course of employment

4

by the City and under color of State law, and as individuals, in failing to ensure the safety of persons placed in custody of the County.

23.     The actions and conduct of the County and its employees and personnel were in reckless disregard of the safety and well-being of Cedotal.

24.     The actions and conduct of the County and its employees and personnel deprived Cedotal of his rights, privileges and immunities secured by the United States Constitution, the Mississippi Constitution, and the laws of Mississippi, and caused him to sustain severe damages as stated herein.

25.     The County is liable for the actions of its employees under the doctrine of respondeat superior.

26.     The improper actions and conduct of the County and its employees and personnel occurred as a result of custom, policy, or practice of the County with knowledge on the part of its personnel that their actions would not be properly monitored by supervisory personnel, and that any misconduct would not be investigated or sanctioned, but rather would be tolerated.

27.     The actions and conduct of the City and its police officers and other personnel reflect a deliberate indifference of the rights of Cedotal and of the public.

## COUNT I - 42 U.S.C. § 1983 CLAIM

28.     Plaintiff re-alleges all allegations contained in the preceding paragraphs.

29.     The foregoing claim is brought against all Defendants and, as against Defendants Shepherd, Johnson and Tillman, the claim is made against them in their official and individual capacities.

30.     Mark Shepherd and his deputy/employee Defendants, refused to administer adequate

5

medical treatment to Cedotal  in violation of the Eighth and Fourteenth Amendments to the United States Constitution.  Under color of law, Defendant deputies acted with deliberate indifference to Cedotal's severe medical needs and  otherwise violated his federal constitutional and federal civil rights.

31.     These Defendants acted in combination and in concert to commit unlawful and unconstitutional acts against Plaintiff.   Furthermore, the law under the Eighth and Fourteenth Amendments in this regard is clearly established so as to defeat any purported police Defendants qualified immunity for state law claims.  At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

32.     Acting under the color of law, Defendants worked a denial of Elroy Cedotal's rights, privileges, and immunities secured by the United States Constitution and by Federal law.

33.     At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

34.     Acting under the color of law, defendants worked a denial of Cedotal's rights, privileges, and immunities secured by the United States Constitution and by Federal law, including but not limited to the violations enumerated immediately below.

35.     Violation of 42 U.S.C. 1983 - Violation of administering adequate medical care, by Defendant sheriff officers under the Sheriff s control, who violated the rights, privileges, and immunities of Cedotal which deprived Cedotal of both his liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

36.     All Defendants acted in combination and in concert, including  whose  deliberate

6

indifference in not preventing these acts, combined with the willful acts of his deputies and/or other personnel, thereby allowing the commission of these unlawful acts and violating Cedotal's various constitutional rights.

37.     As a result of Defendants conspiracy to commit illegal acts against Cedotal, they are liable to plaintiff per 42 U.S.C. §1983 as well as 42 U.S.C. §1988 for attorneys fees.

38.     The Pike County Sheriff and his office are responsible for the acts and omissions of the employees and are liable for the activities of its agents, who are not employees.

39.     At all times pertinent hereto, the Defendants were acting under color of law, statutes, customs, policies, ordinances and usages of the State of Mississippi, the Pike County, and the Pike County Sherriff's Office.

40.     At all times pertinent hereto, the Pike County Sheriffs Office and/or the Sheriff failed to adopt sufficient policies to deter or prevent the violating of Cedotal's civil rights.

41.     At all times pertinent hereto, the Pike County Sheriff's Office and/or the Sheriff failed to develop and/or maintain a custom or policy to identify, discipline, rehabilitate and/or retrain its officers who violated **Cedotal's** civil rights.

42.     At all times pertinent hereto, the Pike County Sheriff s Office and/or the Sheriff negligently hired and retained deputies who violated Cedotal's civil rights.

43.     The illegal and unconstitutional policies and procedures of the PIKE COUNTY SHERIFF'S OFFICE were the driving force of the deprivation of Cedotal's rights herein.

44.     Furthermore, through improper training, improper hiring, negligent retention, ineffective internal policies, ignoring patterns and practices of abuse, Sheriff Mark Shepherd and the PIKE COUNTY SHERIFF'S OFFICE were deliberately indifferent to said policies and procedures

7

leading to Cedotal's rights being violated.

45.    Based on the facts stated above, plaintiff hereby asserts various claims under the Constitution, specifically Article I, Sections 2, 3, 4, and 5.

## COUNT II - 42 U.S.C. § 1985(3) CLAIM

46.    Plaintiffs re-allege all allegations contained in the preceding paragraphs.

47.    The Defendants, all of them, conspired with one another for the purpose of depriving Clark of his federally guaranteed rights secured to him through the due process clause of the Eighth and Fourteenth Amendments of the Constitution of the United States.

48.    The acts done in furtherance of the object of such conspiracy caused severe injuries to Cedotal.

49.    The acts done in furtherance of the object of such conspiracy deprived Cedotal of his liberty interest secured to him under the U.S. Constitution to be free from such corporeal punishment by the County and its employees and personnel.

50.    Plaintiff sustained damages as a direct result of the County and its employees and personnel involved in the alleged incident.

## DAMAGES

51.    Plaintiffs adopt and incorporate herein by reference each of the preceding paragraphs.

52.    As a result of the aforementioned liability of the Defendants, Plaintiffs are entitled to recover damages in accordance with law, including but not limited to lost wages, past and future, medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, wrongful death of decedent as well as all other relief contemplated under both Federal and Mississippi Law.

8

53.     Plaintiff requests attorneys fees and expenses for the instant litigation pursuant to 42

U.S.C. § 1988 and/or any other applicable law.

54.     Plaintiff demands punitive damages.

55.     Plaintiff requests any and all other relief deemed necessary and proper by this Court.

Respectfully submitted, this the **25**$^{th}$ day of June, 2010.

                    **DWAYNE FRANCOIS and JOSHUA**
                    **FRANCOIS, INDIVIDUALLY AND ON**
                    **BEHALF OF THEIR DECEASED**
                    **FATHER, ELROY CEDOTAL**

            By: _____
                    Scotty E. Chabert, Jr.

**OF COUNSEL:**

Scotty E. Chabert, Jr., Esquire (MS Bar #102445)
Saunders & Chabert
6525 Perkins Road
Baton Rouge, La. 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101
Email:  schabert@saunderschabert.com

**SERVICE INFORMATION:**

Pike County
Through it's registered agent for service
Mr. Doug Touchstone, Chancery Clerk
Court Annex Building
175 S. Cherry St.
Magnolia, MS 39652

Pike County Sheriff's Office
Through it's registered agent for service
Sheriff Mark Shepherd, or in his absence, service upon any of his employees of suitable age and discretion..
2109 Jessie Hall Road
Magnolia, Mississippi 39652

Mark Shepard in his capacity as current Sheriff of the Pike County Sheriff's Office
Personal service at his place of employment
2109 Jessie Hall Road,
Magnolia Mississippi 39652

Sargent John (or Johnson)
Personal service only at his place of business at the Pike County Sheriff's Office
2109 Jessie Hall Road
Magnolia Mississippi 39652

Claudia Tillman
Personal service only at his place of business at the Pike County Sheriff's Office
2109 Jessie Hall Road
Magnolia Mississippi 39652

10